### STATE v. BLANCH RHODES.

(Filed 16 March, 1921.)

**Criminal Law—Evidence—Corroboration.**

> Testimony in corroboration of the evidence of the prosecuting witness in a criminal action, in contradiction of the prisoner's testimony tending to establish an alibi, is competent.

APPEAL by defendant from *Connor, J.,* at October Term, 1920, of LENOIR.

This was an indictment for highway robbery. Defendant was convicted of larceny from the person; and from the judgment of the court upon the verdict he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*T. C. Wooten for defendant.*

PER CURIAM. Upon trial in the Superior Court, the prosecuting witness, Jerry Pettaway, testified that Fred Stiles and the defendant Blanch Rhodes assaulted him on the night of 14 October, 1920, knocked him down and took from his person the sum of $22 in money. In corroboration of this evidence, the State offered three witnesses, who testified that

on the following morning the prosecuting witness told them of the occurrence, stating that Stiles and the defendant had robbed him. This evidence was admitted only for the purpose of corroboration, and in this view it was clearly competent. This is the only exception in the record.

The defendant Rhodes went upon the stand and testified that he was at home at the time of the alleged robbery; and there was other evidence tending to support his alibi. The case presents a simple question of identification, and upon the evidence the jury found against the defendant.

We have carefully examined the record, and find no reason for disturbing the results of the trial.

·No error.